1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,                No.  2:05-cr-0243 WBS CKD P

12              Respondent,

13         v.                                 FINDINGS AND RECOMMENDATIONS

14   JAVARIS MARQUEZ TUBBS,

15              Movant.

16

17      I.      INTRODUCTION

18           Movant is proceeding with counsel with a motion for habeas corpus relief under 28 U.S.C.

19   § 2255.  Movant argues that his conviction and sentence in this action for using a firearm during a

20   "crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A),[1] with armed bank robbery as the

21   qualifying "crime of violence," must be vacated because, following the Supreme Court's decision

22   in Johnson v. United States, 135 S. Ct. 2551 (2015), bank robbery, armed or otherwise, no longer

23   qualifies as a "crime of violence" for purposes of § 924(c)(1)(A) .  For the following reasons, the

24   court will recommend that movant's argument be rejected.

25   /////

26   /////

27

28   _____
     [1]  All other statutory references are to Title 18 of the United States Code unless otherwise noted.

                                                  1

## II.     BACKGROUND

On December 22, 2005, movant was charged in a superseding indictment with one count of armed bank robbery in violation of § 2113(a) & (d) and one count of "use of a firearm" in violation of § 924(c)(1).  ECF No. 24.  Movant was found guilty of both counts by a jury on May 16, 2006.  ECF No. 87.  On March 27, 2009, movant was ordered to serve a total sentence of 192 months imprisonment: 108 months for armed bank robbery consecutive to 84 months for use of a firearm.  ECF No.  152 & 154.

## III.     STATUTES

Under § 2113(a), "bank robbery" is defined as follows:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny--
>
> Shall be fined under this title or imprisoned not more than twenty years, or both . . .

The applicable version of § 924(c)(1)(A) in effect until October 26, 2005[2] provides additional penalties for a defendant who "during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime possess a firearm. . ." A "crime of violence" for purposes of § 924(c)(1)(A) is defined under § 924(c)(3) as a crime which "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical

/////

---

[2]  Movant's crimes were committed in 2005 before October.  ECF No. 24.

1  force against the person or property of another may be used in the course of committing the

2  offense."

3      IV.    ANALYSIS

4          In Johnson v. United States, 135 S. Ct. 2551 (2015), the Supreme Court held that

5  imposing an increased sentence under what has become known as the "residual clause" of the

6  Armed Career Criminal Act, 18 U.S.C. § 924(e)(2),[3] is a violation of Due Process Clause of the

7  Fourteenth Amendment as that provision is too vague.  Movant argues that the ruling in Johnson

8  II also renders § 924(c)(3)(B) unconstitutionally vague.  The court need not reach this question,

9  however, because movant fails to show that bank robbery is not a "crime of violence" under §

10  924(c)(3)(A) as explained below.

11      1.    Extortion

12          Movant argues bank robbery cannot be a "crime of violence" under § 924(c)(3)(A)

13  because it can be achieved through mere extortion.  However, not every crime which may be

14  committed under § 2113(a) need amount to a "crime of violence" under § 924(c)(3) in order for

15  movant to be eligible for conviction under § 924(c)(1)(A).

16          As the Supreme Court noted in Mathis v. United States, 136 S. Ct. 2243, 2249 (2016) "[a]

17  single statute may list crimes in the alternative, and thereby define multiple crimes."  The court

18  finds that there are two crimes identified in the first paragraph of § 2113(a):  bank robbery and

19  bank extortion.   See United States v. Wright, 215 F.3d 1020, 1028 (9th Cir. 2000) (Ninth Circuit

20  finds armed bank robbery to be a "crime of violence" under § 924(c)(3) because one of the

21  elements is taking "by force and violence, or by intimidation" and without addressing the element

22  of  § 2113(a) concerning extortion).  For bank robbery, the government must prove the defendant

23  took, or attempted to take, qualifying property from the person or presence of another by force

24  and violence or by intimidation.  For bank extortion, the defendant must obtain or attempt to

25  obtain qualifying property by extortion which the Supreme Court has defined as "obtaining

26

27    [3]  Under the "residual clause" found in § 924(e)(2)(B)(ii) a "violent felony" is, in part, a crime
   punishable by imprisonment exceeding one year that "involves conduct that presents a serious
28  potential risk of physical injury to another."

1    something of value from another (not necessarily from their presence or person), with his consent

2    induced by the wrongful use of force, fear or threats." Scheidler v. Nat'l Org. for Women, Inc.,

3    537 U.S. 393, 409 (2003).  "Unlike robbery, the threats that can constitute extortion . . . include

4    threats to property. . ."  United States v. Becerril-Lopez, 541 F.3d 881, 892 (9th Cir. 2008).  See

5    United States v. Holloway, 309 F.3d 649, 651 (9th Cir. 2002) (Ninth Circuit recognizes that §

6    2113(a) is the exclusive provision for prosecuting "bank extortion").

7         Where, as here, a "divisible" statute delineates more than one crime by having "alternative

8    elements," the "court looks to a limited class of documents (for example, the indictment, jury

9    instructions, or plea agreement and colloquy) to determine what crime, with what elements, a

10   defendant was convicted of." Mathis, 136 S. Ct. at 2249.  If the court determines the

11   crime for which defendant was convicted was a "crime of violence," conviction under §

12   924(c)(1)(A) is not foreclosed.

13        Movant was charged in count one of the Indictment with armed bank robbery, not bank

14   extortion.  It is alleged in count one that movant "willfully and by force, violence and

15   intimidation [took], from the person or presence of employees at Washington Mutual Bank, 8275

16   Elk Grove Boulevard, Elk Grove, . . . approximately $14,494.00. . ."  ECF No. 24.  Following a

17   jury trial, movant was found guilty of count one as charged and count two, use of a firearm, with

18   the armed bank robbery alleged in count one as the qualifying crime of violence.  ECF No. 24; 79

19   at 11-12; and 87.   There is no mention of extortion in the Indictment, the jury instructions, or in

20   the verdict.

21        Accordingly, movant's convictions concern armed bank robbery involving "force and

22   violence or intimidation," and not extortion.

23                    2.    Intent

24        Next, movant argues that bank robbery is no longer a "crime of violence" as that term is

25   defined in § 924(c)(3)(A) because law which has developed since movant was convicted now

26   requires that the use, attempted use, or threatened use of physical force against the person or

27   property of another be "intentional."

28   /////

                                                    4

1    In <u>Leocal v. Ashcroft</u>, 543 U.S. 1 (2004), the Supreme Court found that the phrase "use of

2    physical force against the person or property of another" requires a level of intent beyond mere

3    negligence.  In <u>Fernandez-Ruiz v. Gonzales</u>, 466 F.3d 1121, 1126-32 (9th Cir. 2006) the Ninth

4    Circuit found that reckless conduct is also not a sufficient level of intent to establish a "use,

5    attempted use, or threatened use of physical force against the person or property of another."

6    Rather, a "crime of violence," as that term is defined in § 924(c)(3)(A), "must involve the

7    intentional use," threatened use, etc., "of force."  <u>Id</u>.

8    To secure a bank robbery conviction "by intimidation," as opposed to "by force and

9    violence," "the government must prove not only that the accused knowingly took property, but

10    also that he knew that his actions were objectively intimidating."  <u>United States v. McNeal</u>, 818

11    F.3d 141, 155 (4th Cir. 2016).  Movant argues that because bank robbery committed through

12    intimidation is not a "specific intent" crime, that is a crime where "the government must prove

13    that the defendant subjectively intended or desired the proscribed act or result," <u>United States v.

14    Lamont</u>, 831 F.3d 1153, 1156 (9th Cir. 2016), <u>Fernandez-Ruiz</u> precludes a finding that bank

15    robbery is a crime of violence under § 924(c)(3).  However, the Ninth Circuit did not distinguish

16    between specific and general intent in <u>Fernandez-Ruiz</u>.  The court simply indicated that a crime

17    of violence as that term is described in § 924(c)(3)(A) must be committed "intentionally," as

18    opposed to recklessly or with negligence in that there must be a "volitional element."  <u>Fernandez-

19    Ruiz</u>, 466 F.3d at 1129.  Movant fails to point to any other authority suggesting that only specific

20    intent crimes can amount to a crime of violence under § 924(c)(3)(A).

21    In any case, in 2000, the Ninth Circuit held that armed bank robbery qualifies as a "crime

22    of violence," as that term is defined in § 924(c)(3)(A) because one of the elements of armed bank

23    robbery is a taking "by force and violence or by intimidation."  <u>Wright</u>, 215 F.3d at 1028.  In

24    <u>United States v. Selfa</u>, 918 F.2d. 749, 751 (9th Cir. 1990) the Ninth Circuit specifically defined

25    "intimidation" as to "willfully . . . take, or attempt to take, in such a way that would put an

26    ordinary, reasonable person in fear of bodily harm."  Any argument that the Ninth Circuit's

27    definition of "intimidation" somehow captures passive as opposed to intentional conduct

28    "presents an implausible paradigm in which a defendant unlawfully obtains another person's

5

1   property against his or her will by unintentionally placing the victim in fear of injury.  "United

2   States v. Watson, CR NO. 14-00751-01 DKW, 2016 WL 866298 at *7 (D. Haw. Mar. 2, 2016).

3          3.      Aiding and Abetting

4          Movant argues that the court should overturn his conviction for use of a firearm because

5   of the possibility that movant was convicted of armed bank robbery as an aider and abettor rather

6   than a principal.  In the indictment, moving is charged in the alternative as having committed

7   armed bank robbery or having aided and abetted that crime.  ECF No. 24.   Jurors were instructed

8   to find movant guilty of armed bank robbery if they found he committed armed bank robbery or if

9   he aided and abetted the commission of that crime.   ECF No. 79 at 10 & 14.

10         Regardless of whether movant was a principal or an aider and abettor of the armed bank

11   robbery charged, movant has failed to show here that armed bank robbery is not a "crime of

12   violence" for purposes of § 924(c)(1)(A).  Movant suggests that before a criminal defendant can

13   be found guilty under§ 924(c)(1)(A) with armed bank robbery as the qualifying "crime of

14   violence," the defendant must have actually intended the use, attempted use or threatened use of

15   violent physical force, not simply be guilty of aiding and abetting.  ECF No. 231 at 15.  However,

16   movant fails to point to any law which reasonably supports this proposition.  Under federal law,

17   those who aid or abet the commission of a crime are held equally responsible to those who

18   actually commit crimes, 18 U.S.C. § 2, and there does not appear to be any justification for an

19   exception to that law here.  See In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016) (conviction for

20   Hobbs Act robbery based on theory of aiding and abetting amounts to "crime of violence" under

21   § 924(c)(3)(A)).

22         4.      Binding Authority not "Clearly Irreconcilable"

23         Finally, as argued by respondent, the court notes that under Ninth Circuit law, the court

24   must adhere to the finding in Wright, that armed bank robbery is a "crime of violence" under §

25   924(c)(3) as movant has not shown that Johnson , or any other subsequent Ninth Circuit or

26   Supreme Court authority is "clearly irreconcilable" with or has overruled Wright.  See Miller v.

27   Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

28   /////

6

## V.    CONCLUSION

For all of these reasons, the court will recommend that movant's motion for habeas corpus relief under 28 U.S.C. § 2255 be denied and the court need not reach the other arguments raised in opposition to movant's motion by respondent.  Also, there is no reason to grant the stay requested by respondent.  ECF No. 244 at 44.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1.  Respondent's motion for a stay be denied.

2.  Movant's December 16, 2016 third amended motion for habeas corpus relief under 28 U.S.C. § 2255 (ECF No.  231) be denied; and

3.  The Clerk of the Court be directed to close the companion civil case No. 2:12-cv-2987 WBS CKD.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections, movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 15, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
tubb0243.257

7